UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: R. Francis Diprete

Chapter 13
Case No.: 17-12072-DF

## OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

Now comes Federal National Mortgage Association ("Fannie Mae") who files its objection to R. Francis Diprete's ("Debtor") Motion to Extend Automatic Stay ("Motion") based upon the fact that the Debtor is not entitled to be a debtor under the Bankruptcy Code and he has failed to rebut the presumption that his case was filed in bad faith. In support, Fannie Mae states:

1. Fannie Mae is the holder of a first mortgage ("Mortgage") on the Debtor's residence located at 255 Ide Road, Scituate, Rhode Island 02857 ("the Property").

2. The Mortgage is in default and there is a total arrearage of approximately $255,958.15 with a pre-petition arrearage of approximately $140,420.31.

3. The Debtor is currently due on the Mortgage pre-petition for **March 1, 2011**.

4. The current case is his second filing in the Bankruptcy Court for the District of Rhode Island within a one-year period. *See* Clerk Docket Entry between 3-4 identifying Case No. 1:16-bk-11272.[1]

5. Debtor is a repeat filer with the Court and a litigious plaintiff.[2]

6. Debtor's previous case ("First Bankruptcy Case") was a Chapter 13 filing that was dismissed on May 2, 2017, after Debtor failed to file an amended plan. *See* Court Order as Document 90.

7. Debtor re-opened the First Bankruptcy Case on or about May 16, 2017. Document 95.

8. On July 28, 2017, the matter closed out again after Debtor failed to file an amended plan with the Court. *See* Court Order as Document 106.

9. During the pendency of the First Bankruptcy Case, the Debtor and Fannie Mae participated in this Court's Loss Mitigation Program. After review, the Debtor was not offered mortgage assistance. *See generally* Documents 82-88.

---

[1] The Court may take judicial notice of its docket. *See* In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1,8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").
[2] This is not Debtor's first case concerning the Mortgage. Aside from Case No. 1:16-bk-11272, Debtor filed two actions in the United States District Court for the District of Rhode Island which were both dismissed. Case No. 1:12cv-00316; Case No. 1:15-cv-00402.

10. On December 1, 2017, one-hundred and twenty-seven days after the First Bankruptcy Case dismissed, Debtor filed a new petition to prevent the foreclosure auction scheduled for December 7, 2017. Document 1.

11. On December 7, 2017, Debtor filed his Motion to extend the automatic stay citing a "substantial change in financial and personal affairs." Document 13 at ¶6.

12. Fannie Mae objects to the Debtor extending the stay on two grounds.

13. First, the Debtor is not entitled to be a debtor under 11 U.S.C. §109(g)(1) as the Debtor's previous case was dismissed within 180-days of filing the current case and the previous case was dismissed by the court after the Debtor's willful failure to abide by the Order of the Court and prosecution.

14. "While the term 'willful' is not defined in the Code, courts have interpreted it to mean deliberate or intentional, rather than accidental or that by which is beyond the debtor's control." In re Wen Hua Xu, 386 B.R. 451, 455 (Bankr. S.D.N.Y. 2008) (citations omitted).

15. In Case No. 1:16-bk-11272, Debtor allowed the case to be dismissed *twice* for the failure to properly file an amended plan.

16. Certainly, the Court could interpret the failure to file one amended plan as accidental; however, the failure to file two amended plans is tantamount to intent. This is particularly notable as Debtor filed five separate motions to extend deadlines and Debtor's previous case lasted nearly a full calendar year without the Debtor submitting a confirmable plan. *See* Case No. 1:16-bk-11272 Documents 19, 24, 32, 69, 73; *see generally* docket.

17. In the current case, Debtor has not provided any explanation as to the repeated failures to abide by statutory and judicial directives. "Courts routinely construe repeated failures to abide by statutory or judicial directives or to act with the appropriate diligence as supporting an inference of willful and deliberate conduct. In re Wen Hua Xu, 386 B.R. at 456 (citing Natoli v. Citibank, N.A., 1998 WL 273012, at *2 (E.D.N.Y. Jan.9, 1998)). Given the Debtor's cavalier attitude towards the Court and willful failure to abide by Court orders, the current case should be dismissed.

18. Second, pursuant to 11 U.S.C. § 362(c)(3)(B), an extension of the automatic stay is only warranted upon a demonstration that the second case is filed in good faith.

19. Here, the Debtor has proffered that there is a "change in circumstance" but has not provided an explanation as to how or why there was a change in circumstances. Document 13.

20. Indeed, the facts support the opposite approach. The Debtor is a self-employed attorney and has been for 10 years. *Compare* Document 94 at page 1 in Case No. 1:16-bk-11272 *with* Document 1 at page 26. Debtor has not suggested a new job or increase income. Rather, it appears that Debtor has simply decided not to pay his mortgage since 2011 and seeks to delay foreclosure by filing a second bankruptcy case.

21. More importantly, the Debtor has not submitted any evidence that circumstances changed. This is important as Debtor's case is actually presumptively filed in bad faith because the Debtor filed a case within the preceding one-year period and the Debtor failed to "file or amend the petition or other documents as required by this title or the court without substantial excuse." 11 U.S.C. § 362(c)(3)(C)- (c)(3)(C)(II)(aa).

22. Meaning, it is the Debtor's burden to show by "clear and convincing evidence" that his case was filed in good faith. 11 U.S.C. § 362(c)(3)(C).

23. Nothing provided in the Debtor's Motion justifies the re-imposition or continuation of the automatic stay or explains why the Debtor should be granted the extension.

24. Further, the Debtor's plan ("Plan") only intends to pay $116,746.15 of the $140,420.31 owed for pre-petition arrears. Accordingly, the current Plan is non-confirmable pursuant to 11 U.S.C. § 1325 (a)(5)(B)(iii)(II) and would be denied; wherein the Court would be rewarding the Debtor with additional time to delay and default even further.

25. Given the lack of explanation, the lack of evidence, and the lack of a confirmable plan, the totality of circumstances illustrates that the Debtor's Motion fails to meet the standard by clear and convincing evidence to prove that the Debtor's case filed in good faith and should be denied.

WHEREFORE, Fannie Mae respectfully requests:

1. Find the Debtor is not eligible to be a Debtor under 11 U.S.C. §109(g)(1) and dismiss this action;

2. Deny the Debtor's motion to extend the automatic stay beyond the 30-day period;

3. Grant any other relief deemed just and proper.

Respectfully submitted,
**Federal National Mortgage Association**
By its Attorney,

/s/ Keith J. McCarthy
Keith J. McCarthy, Esq.
RI Bar No.: 9346
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
(617) 558-0500
ribk@harmonlaw.com

December 21, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

In re: R. Francis Diprete

Chapter 13
Case No.: 17-12072-DF

**CERTIFICATE OF SERVICE**

    I, Keith J. McCarthy, Esquire, state that on December 21, 2017, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Erin L. Lewis, Esquire for the Debtor
John Boyajian, Esquire, Chapter 13 Trustee
Gary L. Donahue, Esquire, Assistant U.S. Trustee

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

R. Francis Diprete
255 Ide Road
North Scituate, RI 02857

    Respectfully submitted,
    **Federal National Mortgage Association**
    By its Attorney,

    /s/ Keith J. McCarthy
    Keith J. McCarthy, Esq.
    RI Bar No.: 9346
    Harmon Law Offices, P.C.
    150 California Street
    Newton, MA 02458
    (617) 558-0500

December 21, 2017     ribk@harmonlaw.com